FILED
1/11/21 6:55 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

_____
In Re:                                   :
                                         :    **Bankruptcy No. 18-24184-JAD**
**KEVIN T. ROCK and**                    :
**JESSICA J. ROCK,**                     :    **Related Doc. Nos.  63, 61**
                                         :
           **Debtors.**                  :    **Chapter 7**
_____:

**ORDER CONVERTING CASE UNDER CHAPTER 13 TO CASE UNDER CHAPTER 7,**
**SETTING DEADLINES, SCHEDULING STATUS CONFERENCE, AND**
<u>**TERMINATING WAGE ATTACHMENT**</u>

The Debtors have filed a *Motion To Convert Chapter 13 Case To Chapter 7 Pursuant To 11 U.S.C. §1307(a)* converting this case to a case under chapter 7 of the Bankruptcy Code (title 11 of the United States Code).

It is **ORDERED, ADJUDGED,** and **DECREED** that:

(1)    Any party-in-interest that challenges the good faith of the conversion shall, on or before **February 8, 2021,** file a motion setting forth the basis of the challenge and specifically identifying the relief requested in the event conversion is found not to have been made in good faith.

(2)    The wage attachment(s) issued in this case are immediately **TERMINATED**.  The Debtors shall serve a copy of this order on the employer(s).

(3)    *No later than January 25, 2021*, the Debtors shall file a schedule of all unpaid debts incurred after the commencement of the chapter 13 case and before conversion.  *Bankruptcy Rule 1019(5)(B)(i)*.

(4)    *No later than January 25, 2021*, the Debtors shall file the statements and schedules required by *Bankruptcy Rules 1019(1)(A)* and *1007(b)*, if such documents have not already been filed.

(5)    *No later than February 10, 2021*, the Debtors shall file a statement of intention with respect to retention or surrender of estate property which secures a debt, as required by *11 U.S.C. §521(a)(2), Bankruptcy Rule 1019(1)(B),* and conforming to *Official Form 108*.

    (6)    The chapter 13 trustee forthwith shall turn over to the chapter 7 trustee all records and property of the estate remaining in the chapter 13 trustee's custody and control, as required by *Bankruptcy Rule 1019(4)*, except that any remaining funds that do not constitute property of the chapter 7 estate shall be returned to the Debtors.

    (7)    ***Within 60 days*** of the date of this Order, the chapter 13 trustee shall file an accounting of all receipts and distributions made. Jurisdiction over the chapter 13 trustee's certification of disbursements of funds and final report and account remains assigned to the Honorable Jeffery A. Deller Bankruptcy Judge.

    (8)    ***No later than February 10, 2021***, the Debtors shall, if the case is converted after the confirmation of a plan, file:

        (a)    a schedule of all property not listed in the final report and account of the chapter 13 trustee which was acquired after the commencement of the chapter 13 case but before the entry of this conversion order, *Bankruptcy Rule 1019(5)(C)(i)*;

        (b)    a schedule of unpaid debts not listed in the chapter 13 trustee's final report and account, *Bankruptcy Rule 1019(5)(C)(ii)*; and,

        (c)    a schedule of executory contracts and unexpired leases entered into or assumed after the commencement of the chapter 13 case but before the entry of this conversion order, *Bankruptcy Rule 1019(5)(C)(iii)*.

The schedule of claimants under (b) of this paragraph shall be filed by entering additional claimants into the CM/ECF system via "Creditor Maintenance." A list of said claimants shall be attached to the Bankruptcy Rule 1019 Report.

It is **FURTHER ORDERED** that if the Debtors fail to file the documents required by this Order and Bankruptcy Rule 1019 by the aforesaid dates, a Status Conference shall be held on **Tuesday, March 2, 2021, at 10:00 AM**, via **Zoom with Judge Deller**, to determine whether additional relief is necessary to compel compliance with the terms of this Order.

It is **FURTHER ORDERED** that the Clerk shall send the notice required by *Bankruptcy Rule 1019(6)*. If the reports and schedules per Paragraphs 3, 8(b) and 8(c) of this Order are filed in time for the Clerk to include post-petition creditors in the §341 notice mailing, the Clerk shall so include the post-petition creditors in that mailing. If said report and schedules are not filed in time for inclusion of the post-petition creditors, ***within ten (10) days of the filing of said report and schedules***, the Clerk shall send the notice required by *Bankruptcy Rule 1019(6)*.

It is **FURTHER ORDERED** that ***within forty-five (45) days*** of this Order, all chapter 13 fee petitions by any professional shall be self-scheduled and filed with the Clerk of the Bankruptcy

Court. The fee petition shall be captioned "Chapter 13 Fee Petition in Converted Case" and the hearing shall be self-scheduled on Judge Deller's chapter 13 motions calendar.

It is **FURTHER ORDERED** that *within five (5) days* hereof Counsel for Debtors shall *IMMEDIATELY SERVE* a copy of this Order on all creditors in the above case and shall *file a Certificate of Service* with the Clerk of the Bankruptcy Court.

It is **FURTHER ORDERED** that the Court retains jurisdiction over the Chapter 13 Trustee's Report of Receipts and Disbursements and Final Report and Account. Upon submission of the UST Form 13-FR-S: Chapter 13 Trustee's Final Report and Account, the Chapter 13 Trustee is discharged from her duties in this case

Dated: **January 11, 2021**

Jeffery A. Deller
United States Bankruptcy Judge

**CASE ADMINISTRATOR SHALL SERVE:**
Eugene D. Franks, Esquire

United States Bankruptcy Court

Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 18-24184-JAD |
| Kevin T. Rock | Chapter 7 |
| Jessica J. Rock | |
|     Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-2 | User: culy | Page 1 of 2 |
| Date Rcvd: Jan 11, 2021 | Form ID: pdf900 | Total Noticed: 2 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 13, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | Kevin T. Rock, Jessica J. Rock, 171 Mary Reed Road, Baden, PA 15005-9615 |
| | + | Ronda Winnecour, Esq., Suite 3250, U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219-2702 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 13, 2021          Signature:          /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 11, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Brian Nicholas | |
| | on behalf of Creditor Community Loan Servicing LLC bnicholas@kmllawgroup.com |
| Eric E. Bononi | |
| | bankruptcy@bononilaw.com pa69@ecfcbis.com |
| Eugene D. Frank | |
| | on behalf of Plaintiff Jessica J. Rock efrank.esq@comcast.net |
| Eugene D. Frank | |
| | on behalf of Debtor Kevin T. Rock efrank.esq@comcast.net |
| Eugene D. Frank | |
| | on behalf of Plaintiff Kevin T. Rock efrank.esq@comcast.net |

| District/off: 0315-2 | User: culy | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Jan 11, 2021 | Form ID: pdf900 | Total Noticed: 2 |

Eugene D. Frank
    on behalf of Joint Debtor Jessica J. Rock efrank.esq@comcast.net

Jill Locnikar
    on behalf of Defendant Internal Revenue Service jill.locnikar@usdoj.gov
    patricia.fitzgerald@usdoj.gov;caseview.ecf@usdoj.gov;kassi.horton@usdoj.gov

Keri P. Ebeck
    on behalf of Creditor Duquesne Light Company kebeck@bernsteinlaw.com jbluemle@bernsteinlaw.com

Maria Miksich
    on behalf of Creditor Community Loan Servicing LLC mmiksich@kmllawgroup.com

Mario J. Hanyon
    on behalf of Creditor OCWEN LOAN SERVICING LLC mario.hanyon@brockandscott.com, wbecf@brockandscott.com

Office of the United States Trustee
    ustpregion03.pi.ecf@usdoj.gov

Ronda J. Winnecour
    cmecf@chapter13trusteewdpa.com

Thomas Song
    on behalf of Creditor Bayview Loan Servicing LLC pawb@fedphe.com


TOTAL: 13